Flynn & Wietzke, PC
1205 Franklin Avenue, Suite 370
Garden City, NY 11350
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------X

BRIAN A. LOCK

                Plaintiff,                    14 Civ.

   -against-                                  COMPLAINT

NEW JERSEY TRANSIT RAIL OPERATIONS,
INC., and "JANE DOE 1-100"

                Defendants.

---------------------------------------------------------------X

PLAINTIFF DEMANDS TRIAL BY JURY

Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the defendant and alleges:

FIRST:  This action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

SECOND:  The defendant is a corporation engaged in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States.

THIRD:  That prior to August 10, 2011, and at all times hereinafter mentioned, the defendant employed the plaintiff as a machinist under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

FOURTH:   That prior to August 10, 2011, and at all times hereinafter mentioned, the defendant maintained, operated and controlled Yard A in Newark, New Jersey, which contained defendant's tracks, rails, switches, sidings, roadbeds

and appurtenances thereto, over, through and upon which the defendant operated engines, trains, cars, and equipment under its control and direction.

FIFTH: That on or about August 10, 2011, while the plaintiff, an employee of the defendant, was in the performance of his duties a machinist and he was severely injured in a Cushman vehicle accident.

SIXTH: On the aforementioned date and time, Plaintiff was assigned as a machinist at Defendant's yard in Newark, New Jersey. He was operating a Cushman vehicle on Defendant's roadway when that vehicle crashed as a result of Defendant's negligence. As a result he sustained severe injuries to his leg.

SEVENTH: Defendant owed to Plaintiff a non-delegable duty to provide a reasonably safe place in which to perform his work.

EIGHTH: The aforementioned and resulting injury to Plaintiff was caused by the negligence of Defendant, its agents and employees in that:

a. It failed to use due care to furnish Plaintiff with a reasonably safe place in which to work;

b. It failed to properly maintain and inspect the Cushman vehicle and roadway where Plaintiff was required to work;

c. It failed to warn Plaintiff of the presence of dangerous conditions of the Cushman vehicle and roadway;

d. It was otherwise careless, reckless and negligent and in violation of OSHA regulations.

NINTH: As a result of the said occurrence, Plaintiff was seriously, painfully and permanently injured about his body and limbs, resulting in injuries to his leg which required hospital and medical care; and it is probable that further medical care will be required in the future; he has sustained substantial and continuing pain, suffering, agony and mental anguish in the past, present and probably will continue to

sustain the same far into the future, and has further sustained a permanent disability to his leg as a result of his injury.

TENTH:   As a further result of Defendant's negligence and violation of the above-noted Act, Plaintiff has in the past and will in the future incur substantial medical and other expenses in an effort to cure and rehabilitate himself from these injuries.

ELEVENTH:  As a further result of Defendant's negligence and violation of the above-noted Act, Plaintiff has in the past and will in the future suffer a severe loss of earnings and an impairment of his earning capacity, much to his great detriment and loss.

TWELFETH: As a further result of Defendant's negligence and violation of the above-noted Act, Plaintiff has in the past, and will in the future suffer great physical pain and suffering, mental anguish, a loss of the enjoyment of life, a diminishment of the quality of life, and other losses, to his great mental, physical, financial and emotional harm.

THIRTEENTH:  That the plaintiff was damaged thereby in the sum of $1,000,000.00.

WHEREFORE, plaintiff demands judgment against the defendant in the sum of ONE MILLION ($1,000,000) DOLLARS; together with the costs and disbursements of this action.

> Flynn & Wietzke, PC
> Attorneys for Plaintiff
> 1205 Franklin Avenue
> Garden City, NY 11530
> (516) 877-1234
>
>
> By:____s/ Marc Wietzke_____
>      MARC T. WIETZKE (MW1551)